**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVER ARIEL LOPEZ-VELASQUEZ, | No. 16-70992 |
| Petitioner, | Agency No. A200-681-508 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2018**
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,*** District Judge.

Ever Ariel Lopez-Velazquez ("Mr. Lopez"), a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joan Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

decision affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We review the BIA's findings of fact for substantial evidence. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

Mr. Lopez seeks asylum and withholding of removal on the grounds that he has a well-founded fear of future persecution in Guatemala by drug cartels and gangs on account of his membership in two social groups: (1) "young men arriving from the United States who are perceived as having money by criminal organizations"; and (2) "young men seen as targets for recruitment by local gangs and cartels."[1]

Substantial evidence supports the agency's factual finding that Mr. Lopez's two proposed social groups are not sufficiently particularized or socially distinct to qualify as a "particular social group" for purposes of 8 C.F.R

---

[1] Mr. Lopez also claims membership in two additional social groups: "young men who are kidnapped and confined by the cartels and forced to watch torture, beheadings and maltreatment of other people"; and "young men who have been kidnapped by the cartels and now oppose gangs and cartels in Guatemala." But because Mr. Lopez did not present those proposed social groups to the IJ or BIA, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). Mr. Lopez's request for humanitarian asylum, is also unexhausted and therefore unreviewable. *Id*.

Additionally, while Mr. Lopez petitioned for review of the BIA's denial of voluntary departure, his brief on appeal does not argue that issue, so it is forfeited. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

§ 1208.13(b)(2)(i)(A). *See Reyes v. Lynch*, 842 F.3d 1125, 1131, 1135 (9th Cir. 2016). "[T]he focus of the particularity requirement is whether the group is discrete or is, instead, amorphous." *Id.* at 1131 (citation omitted). And to demonstrate the necessary "social distinction," the applicant must put forth evidence showing that "society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group." *Id.* (citation omitted) (emphasis omitted). "Although the society in question need not be able to easily identify who is a member of the group, it must be commonly recognized that the shared characteristic is one that defines the group." *Id.* at 1131–32 (citation omitted).

1. As to the first proposed social group—"young men arriving from the United States who are perceived as having money by criminal organizations"[2]—the BIA properly concluded that such a group was foreclosed by our decision in *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010) (per curiam) (rejecting the proposed social group of "returning Mexicans from the United States"). Like the proposed social group rejected in that case, Mr. Lopez's first proposed social group fails because its boundaries are subjective and amorphous.

---

[2] On appeal to the BIA and to this court, Mr. Lopez alternatively characterizes this first proposed social group as "young men arriving from the United States who have assimilated to American society through lengthy physical presence and are perceived as having money by criminal organizations."

*See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (rejecting proposed social group of "imputed wealthy Americans" because it could not "be described with passable distinction that the group would be recognized as a discrete class of persons").  Mr. Lopez has not identified any evidence in the record suggesting that Guatemalan society recognizes "young men arriving from the United States who are perceived as having money by criminal organizations" as a distinct group.  *See Reyes*, 842 F.3d at 1137–38.  Accordingly, Mr. Lopez's first proposed social group is not cognizable under 8 C.F.R § 1208.13(b)(2)(i)(A).

2.  As to Mr. Lopez's second proposed social group—"young men seen as targets for recruitment by local gangs and cartels"—the BIA properly concluded that this group was foreclosed by our decision in *Ramos-Lopez v. Holder*, 563 F.3d 855, 860–62 (9th Cir. 2009) (rejecting the proposed social group of "young Honduran men who have been recruited by the MS-13, but who refuse to join" as insufficiently particular because there was "no unifying relationship or characteristic to narrow this diverse and disconnected group" (citation omitted)), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *see also Barrios v. Holder*, 581 F.3d 849, 855 & n.4 (9th Cir. 2009) (rejecting the proposed social group of "young men in Guatemala who resist gang recruitment" as "indistinguishable" from the proposed group rejected in *Ramos-Lopez*).

4

Moreover, like the petitioner in *Ramos-Lopez*, Mr. Lopez has not shown the requisite nexus—i.e., that membership in his proposed group is causally connected to an increased risk of danger as compared to the general population in a country plagued by "general criminality and civil unrest." 563 F.3d at 862 (citation omitted); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from . . . random violence by gang members bears no nexus to a protected ground."); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 746 (9th Cir. 2008) (holding that young men in El Salvador resisting gang violence are not a particular social group because they "may be victims of civil unrest, but [they] do not form a cohesive or particular social group"), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d at 1093. Accordingly, Mr. Lopez has not met his burden of establishing eligibility for asylum under 8 C.F.R. § 1208.13(b)(2)(i)(A).

Because the standard for withholding of removal is more demanding than the standard for asylum, and because a cognizable social group is also needed to secure withholding of removal, *see Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), Mr. Lopez has not established his eligibility for withholding of removal, either.

3. Nor has Mr. Lopez demonstrated that he is more likely than not to suffer torture at the hands or by acquiescence of the Guatemalan government. We therefore conclude that the BIA's denial of his Convention Against Torture claim

is supported by substantial evidence.

**PETITION FOR REVIEW DENIED**.